IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| DOROTHY A. STEELMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 2:09-cv-2113-JPM-cgc |
| ) | |
| THE PRUDENTIAL INSURANCE ) | |
| CO. OF AMERICA, & ) | |
| THOMAS & BETTS CORP., ) | |
| ) | |
| Defendants. ) | |

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS**
**ORDER DISMISSING PLAINTIFF'S CLAIMS**

Before the Court is Defendant Thomas & Betts Corp.'s ("T&B") Motion to Dismiss (Docket Entry ("D.E.") 18), filed September 21, 2009. Plaintiff Dorothy A. Steelman responded in opposition on October 21, 2009. (D.E. 20.) The Court held a telephonic hearing on the motion on October 29, 2009. Present for Plaintiff were James Hodges, Esq. and Susan Herndon, Esq. Present for T&B were Jonathan Hancock, Esq. and Whitney Harmon, Esq. For the following reasons, the Court DENIES T&B's motion to dismiss, but nonetheless DISMISSES Plaintiff's claims against T&B.

**I. Background**

This case arises out of a dispute over whether Plaintiff is entitled to certain disability benefits. Plaintiff is a former

1

employee of T&B.  (Am. Compl. (D.E. 9) ¶ 6.)  In early 2007, she sought disability benefits under a T&B-provided plan administered by the Prudential Insurance Company of America ("Prudential").  (Id. at ¶ 7.)  In 2008, after a series of internal appeals, Prudential denied Plaintiff's claim for benefits.  (Id. at ¶¶ 9-11.)  On February 26, 2009 Plaintiff brought suit against Prudential, challenging that decision.  (Compl. (D.E. 1).)

Plaintiff joined T&B as a defendant on July 16, 2009.  (Am. Compl.)  In her amended complaint, Plaintiff brought two claims against T&B arising out of T&B's failure to pay Plaintiff disability benefits to which she believes she is entitled.  (Id. at ¶ 37.)  Plaintiff bases one of those claims on ERISA and the other on breach of contract.  (Id.)

Plaintiff settled her suit against Prudential, as reflected in a Notice of Settlement filed with the Court on July 29, 2009.  (D.E. 11.)  The Court then dismissed Plaintiff's claims against Prudential.  (D.E. 12.)  T&B now moves the Court to dismiss Plaintiff's claims T&B pursuant to Federal Rule of Civil Procedure 12(b)(1).

## II. Standard for Motion to Dismiss Under Rule 12(b)(1)

T&B's motion presents a "factual attack" on the Court's jurisdiction.  "When a Rule 12(b)(1) motion attacks the factual basis for jurisdiction, the district court must weigh the

evidence and the plaintiff has the burden of proving that the court has jurisdiction over the subject matter." Golden v. Gorno Bros., Inc., 410 F.3d 879, 881 (6th Cir. 2005).

**III. Analysis**

    **a. T&B's Motion to Dismiss**

According to T&B, the basis of Plaintiff's assertion of federal jurisdiction is her putative ERISA claim against T&B, and because that claim does not sound in ERISA, there is no basis for federal jurisdiction.

T&B is incorrect. Federal jurisdiction arose in this matter by virtue of Plaintiff's ERISA claim against Prudential. See 28 U.S.C. § 1331. The Court may therefore exercise supplemental jurisdiction over Plaintiff's non-federal claims against T&B, which are "part of the same case or controversy" as Plaintiff's federal claim against Prudential. See Ross v. Bd. of Educ. of Township High School Dist. 211, 486 F.3d 279, 285 (7th Cir. 2007) (under 28 U.S.C. § 1367, district court may retain jurisdiction over state law claims against second defendant even after federal claims providing original jurisdiction over first defendant are dismissed); Easterling v. Conn., 356 F. Supp. 2d 103, 108-09 (D. Conn. 2005) (same); and cf. Am. Zurich Ins. Co. v. Cooper Tire & Rubber Co., 512 F.3d 800, 802-06 (6th Cir. 2008) (district court may retain supplemental jurisdiction over non-federal claims against third-

party defendant after federal claims against original defendant have been dismissed). Accordingly, T&B's motion to dismiss under Rule 12(b)(1) is DENIED.

### b. Supplemental Jurisdiction

T&B's motion to dismiss nonetheless raises an important question concerning the Court's exercise of supplemental jurisdiction. If Plaintiff's claims against T&B do not arise under federal law, the Court may decline to exercise supplemental jurisdiction over them because the Court has dismissed the claim against Prudential on which the Court's jurisdiction is based. See 28 U.S.C. § 1367(c)(3); Hankins v. The Gap, Inc., 84 F.3d 797, 803 (6th Cir. 1996) ("Generally, if the federal claims are dismissed before trial . . . the state claims should be dismissed as well."). The Court must therefore determine whether Plaintiff's claims against T&B arise under federal law.

### 1. Plaintiff's ERISA Claim Against T&B

Plaintiff argues that her amended complaint states a federal ERISA claim against T&B. T&B counters that the disability plan at issue is subject to a regulatory exception to ERISA jurisdiction. T&B is correct.

"ERISA provides an eligible employee the right to bring a [federal] cause of action against a plan administrator, but only for violating a plan governed by that statute." Langley v.

4

DaimlerChrysler Corp., 502 F.3d 475, 479 (6th Cir. 2007) (citing 29 U.S.C. § 1132(a)(1)(B)).  Department of Labor regulations exclude certain disability plans from ERISA coverage.  Under those regulations, "normal compensation paid to an employee as a result of disability and from the employer's general assets . . . [is] considered a payroll practice[,]" and is "not regulated by ERISA."  Langley, 502 F.3d at 479 (quoting 29 C.F.R. § 2510.3-1(b)(2); Abella v. W.A. Foote Mem'l Hosp., 740 F.2d 4, 5 (6th Cir. 1984)) (quotation marks omitted).

    The undisputed evidence shows that the plan at issue is such an exempt payroll practice.  The plan is funded from T&B's general assets and pays employees benefits on account of disability.  (Def.'s Mot. to Dismiss (D.E. 18) Ex. 2, Miller Aff. 1-2.)  Under the plan, employees receive 100% of their regular salary for eighteen weeks and 50% of their regular salary for eight weeks.  (Am. Compl. Ex. B.)  This meets the definition of "normal compensation."  See Bassiri v. Xerox Corp., 463 F.3d 927, 933 (9th Cir. 2006) (a plan need not pay an employee's full salary to nonetheless pay "normal compensation" under 29 C.F.R. § 2510.3-1(b)(2)); Langley v. DaimlerChrysler Corp., 407 F. Supp. 2d 897, 912 (S.D. Ohio 2005), aff'd 502 F.3d 475 (same).  Accordingly, Plaintiff's asserted ERISA claim does not arise under ERISA.[1]

---

[1] The largely unsupported assertion in Plaintiff's brief that she "believed" the plan at issue was subject to ERISA does not establish that T&B

5

### 2. Plaintiff's Breach of Contract Claim Against T&B

Plaintiff's breach of contract claim against T&B also does not arise under federal law. Although Plaintiff's amended complaint is ambiguous as to whether she intended the breach of contract claim to be state or federal in nature, the Sixth Circuit has declined to recognize a federal common law breach of contract claim under ERISA. See Tassinare v. Am. Nat'l Ins. Co., 32 F.3d 220, 225 (6th Cir. 1994). Plaintiff's breach of contract claim therefore does not arise under federal law.

### 3. Conclusion Regarding Supplemental Jurisdiction

Neither of Plaintiff's claims against T&B arises under federal law. The Court declines to exercise supplemental jurisdiction over these non-federal claims given the early stage of this litigation. See Hankins, 84 F.3d at 803. Plaintiff's claims against T&B are therefore DISMISSED.

### IV. Conclusion

In accordance with the foregoing, T&B's motion to dismiss is DENIED, but Plaintiff's claims against T&B are nonetheless DISMISSED in their entirety.

IT IS SO ORDERED this 7th day of December, 2009.

/s/ Jon P. McCalla_____
JON P. McCALLA
CHIEF U.S. DISTRICT JUDGE

---

represented the plan to its employees in such a way that a reasonable employee would conclude the plan was governed by ERISA. See Langley, 502 F.3d at 481.